**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LYLE WILLIAM HUNTER,

                    Petitioner,

vs.                                              Case No. 3:05-cv-1263-J-32TEM
                                                      3:04-cr-253-J-32TEM

UNITED STATES OF AMERICA,

                    Respondent.

_____

## ORDER[1]

      This case is before the Court on petitioner Lyle William Hunter's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1).[2] Hunter alleges that his attorney's representation in his underlying criminal case constituted ineffective assistance of counsel.  (Doc. 1).  The United States filed a response in opposition.  (Doc. 6).  Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

      To succeed on an ineffective assistance of counsel claim the defendant has the burden of proving that (1) counsel's representation fell below an objective standard

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Hunter's criminal case file, 3:04-cr-253-J-32TEM, are denoted as "Crim. Doc ___."  Citations to Hunter's civil § 2255 case file, 3:05-cv-1263-J-32TEM, are denoted as "Doc. ___."

of reasonableness and (2) the defendant was prejudiced by the deficient representation.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

Hunter's ineffective assistance of counsel claim is based solely on an allegation that his attorney failed to file a Sentencing Memorandum.  (Doc. 1).  Hunter contends that had this Sentencing Memorandum been filed, this Court might have given him a lighter sentence.  (Doc. 1).  Hunter's allegations are belied by the record.  Hunter's attorney filed the Sentencing Memorandum with this Court on February 22, 2005, a full week before the sentencing hearing.  (Crim. Doc. 25).  The Sentencing Memorandum requested that the Court calculate Hunter's total offense level at 23, criminal history category VI, to reflect an advisory guideline sentence of 92-115 months, rather than at level 27 as originally calculated by the Probation Officer in the Pre-Sentence Investigation Report (PSI).  (Crim. Doc. 25).

After the filing of this Sentencing Memorandum and before the sentencing hearing, the Probation Officer re-scored Hunter at a total offense level of 23, criminal history category VI, which yielded an advisory guideline range of 92-115 months, the range contemplated by the Sentencing Memorandum.  (Crim. Doc. 32 at 5).  At the sentencing hearing this Court noted that the Sentencing Memorandum was "[o]bviously . . . prepared before the change in the PSI.  And so some of the matters contained in that sentencing memorandum may not exactly fit the current situation. But for purposes of the record, I will state that the sentencing memorandum,

submitted at doc 25, I have reviewed in preparation for sentencing." (Crim. Doc. 32 at 2-3).

Subsequently, Hunter's counsel explained that most of the Sentencing Memorandum was moot as a result of the revised PSI and argued that the remaining ripe portions of the memorandum militated towards a sentence below the low end of the advisory guideline range. (Crim. Doc. 32 at 5-9). Therefore, not only did Hunter's counsel file the Sentencing Memorandum, but the Probation Officer prepared a revised PSI after it was filed, the Court reviewed the Memorandum in preparation for sentencing and considered it during the sentencing hearing. This Court sentenced Hunter to 92 months' imprisonment,[3] which was the low end of the recommended guideline range in the revised PSI, which was adopted by the Court without objection. (Crim. Doc. 25). There was no deficient performance; Hunter has failed to satisfy Strickland. Accordingly, it is hereby **ORDERED**:

Lyle William Hunter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Clerk shall enter a judgment against Hunter and in favor of the United States and close the file.

---

[3] While the Court considered Hunter's counsel's argument for a sentence below the advisory guideline range of 92-115 months, the Court determined that a 92-month sentence was indeed reasonable pursuant to the factors set forth in 18 U.S.C. § 3553(a).

**DONE AND ORDERED** at Jacksonville, Florida this <u>2nd</u> day of February, 2007.


TIMOTHY J. CORRIGAN
United States District Judge

a.

Copies:
William Lyle Hunter
counsel of record